27041. CHASTAIN *v.* GARDNER *et al.*

DECIDED FEBRUARY 8, 1939.

*G. B. Walker, H. E. Edwards,* for plaintiff in error.

*R. B. Lambert, M. G. Russell,* contra.

FELTON, J. ▮ ▪ The first headnote needs no elaboration.

▮ The Atlanta Chemical Company issued a garnishment against S. L. Gardner, defendant, and C. C. Ballew, garnishee. The garnishee answered that he was holding the money due for rent subject to the order of the court, averring that H. A. Gardner and the Atlanta Chemical Company claimed it. H. A. Gardner filed a claim to the money and gave a bond dissolving the garnishment. Mrs. Chastain, the purchaser of the land under the sale under power, also later filed a claim and gave a dissolution bond. The contentions of all the parties were heard and the court sitting without a jury passed two orders, one denying Mrs. Chastain's claim and the other awarding the money to H. A. Gardner, to which order Mrs. Chastain excepted.

The evidence showed that S. L. and H. A. Gardner originally owned the land. They deeded it to the Federal Land Bank to secure a loan. Later, S. L. Gardner sold his interest to H. A. Gardner, subject to the Federal Land Bank deed. H. A. Gardner rented it to Ballew for the year 1937, the rent becoming due November 1, 1937. In September of that year the Federal Land Bank sold it under the power in its deed and Mrs. Chastain became the purchaser. Assuming that a proceeding by claim to the title to the property (money due as rent) was not the proper one for either claimant to pursue, and that a dissolution of the garnishment proceeding was likewise not an appropriate remedy, because the claimants at the most could have no more than a lien, H. A. Gardner got possession of the money by reason of his bond and obtained a judgment awarding him the money under his claim. Since this is true he is not in position to contend for the first time in this court that Mrs. Chastain was pursuing the wrong remedy. The proceeding in the trial court, by tacit consent of the parties, was treated as one where the court required the parties by intervention to set up their claims, or money rule, which in each case was a lien for rent. In such circumstances there was no necessity for two separate orders, or judgments, and the judgments will be treated as one. So far as this case is concerned there was only one case and one issue: who was entitled to the rent for the year 1937? The issue should have been decided in favor of Mrs. Chastain. The motion to dismiss the writ of error is denied.

The denial of a new trial to Mrs. Chastain was error.

*Judgment reversed.   Stephens, P. J., concurs.   Sutton, J., disqualified.*